# Shea *v.* Manning.

*Action to recover Damages for Personal Injuries.*

1. *Pleading and practice; when rulings upon the pleadings without injury.*—Where in addition to a general replication to a special plea, the plaintiff files special replications to said plea, and the defendant moves the court to strike said special replications from the file, upon the ground that the facts averred therein were provable under the general replication, if the court should err in overruling the motion to strike, it is error without injury.

2. *Action to recover for personal injuries resulting from walls or ditch caving in; contributory negligence.*—In an action to recover damages for personal injuries resulting to the plaintiff from a ditch or trench in which he was working caving in by reason of the walls of said ditch being imperfectly braced, the evidence showed that the walls were not properly braced, and that the plaintiff knew this; that the walls were likely to cave in, and plaintiff was aware of this fact; that the ditch was from 4 to 6 feet in depth; that in the event the wall caved in, the earth would not, in all probability, cover a man; that the plaintiff was laying pipe, and was in a stooping position when the walls of the ditch caved in upon him, and there was a greater precipitation of earth than on any other occa-

sion; that by reason of the plaintiff's shovel, which he had been using, sticking up near him, the falling earth forced his body against the handle of the shovel and injured him. Held: That it cannot be said, as a matter of law, that the danger of being where the plaintiff was was so apparent and so great and imminent that no ordinarily prudent man would have been there, and that, therefore, the plaintiff was guilty of negligence, which proximately contributed to his injury.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellee, Patrick Manning, against the appellant, Thomas J. Shea, to recover damages for personal injuries sustained by the plaintiff while engaged in laying pipe in a ditch excavated for the purpose of laying sewer pipes. The complaint contained 20 counts. In each count it was averred that the plaintiff was employed by the defendant for the purpose of laying a sewer pipe in a ditch dug for that purpose, and in the counts it was alleged that while the defendant knew or had reasonable grounds to apprehend that the ditch wherein the sewer pipes were being laid by the plaintiff, was as liable to, and probably would cave in, and injure the plaintiff, and other of defendant's employees working therein, , unless he used due care to prevent such caving in by supporting the earth on each side of said ditch with sheathing, braces, revetments, or other means, the defendant nevertheless negligently failed to use such due care, and did not put proper sheathes, braces, or revetments on the sides of said ditch, and as a result the ditch caved in, and caused the injuries to the plaintiff complained of. The defendant pleaded the general issue, and by plea No. 2 set up "That the plaintiff was guilty of negligence which proximately contributed to his said alleged injuries, in this, that he (plaintiff) knew that the said sewer ditch which was about four feet deep and two feet wide, was not supported on the sides thereof, with sheathing, braces, revetments, or by any other means, so that the earth should not cave in; and that plaintiff knew that the eath had caved in along the sides of the said ditch several times while he was at work in the same on the said morning of March 27th, ·

1899, and that plaintiff also knew that no precautions had been taken to prevent a recurrence of the same, and yet the plaintiff continued to work in said ditch laying sewer pipe until he received his alleged injuries by the caving in of said ditch. All of which this defendant is ready and willing to verify, etc." This special plea No 2 was pleaded to all the counts of the complaint. The plaintiff filed a general replication to plea No. 2, and by several special replications replied to plea No. 2 that the said ditch had not before caved in at the particular place where the plaintiff was injured, and that the defective condition of said ditch which resulted in the injury to plaintiff, was not such as exposed him to danger which was imminent and obvious to plaintiff, or of such a character as would have caused a prudent servant of plaintiff's class, acting with prudence under the same circumstances as those surrounding plaintiff while continuing said work on said day, to discontinue his work in said ditch before the time of the infliction of said injury.

The defendant moved the court to strike from the file the said replications to said plea No. 2, upon the grounds that said special replication amounted to nothing more than the general replication to said special plea; and that if the facts set up in said special replication were pertinent to the issues tendered by said plea, such facts could be introduced under the general replication.

This motion to said replication was overruled.

On the trial of the case it was shown that the plaintiff was employed by the defendant to lay sewer pipe in a ditch which had been excavated for that purpose; that the laying of the sewer pipe was under contract which the defendant had; that the ditch wherein the pipe was being laid at the time the plaintiff was injured about 100 feet long; that the dirt on the sides of said ditch was inclined to cave; that the ditch was from 4 to 6 feet in depth; that the sides of the ditch were not properly braced; that there were braces or beams along the sides several feet apart; that when the sides of the ditch were so inclined to cave, as was the case in this instance, the sides should be solidly sheathed; that when the

plaintiff started to work in laying the pipe on the day he was injured, he called the attention of the defendant's foreman, who was in charge of the work, to the fact that the sides of the ditch were not properly braced, and was told by said foreman that the lumber for sheathing the sides had not come, but had been ordered, and that he, the plaintiff, should go on to work; and that thereupon the plaintiff went to work in the ditch, laying the pipe, and while so engaged, the side of the ditch caved in on him, and caused the injuries complained of. The other facts necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion. The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusing to give each of them: (1.) I charge you, gentlemen of the jury, that if you believe from the evidence that the plaintiff knew that the sewer ditch in question was not properly supported on the sides thereof, with sheathing, braces, revetments, or by other means, so that the earth could not cave in, and that the plaintiff also knew that the earth had caved in along the sides of the said ditch several times while he was at work in the same on the said morning of March 27th, 1899, and was liable to cave in at any moment, and that the plaintiff knew that no precautions had been taken to prevent a recurrence of said cavings in, and continued to work in said ditch laying sewer pipes until he received his alleged injuries by the caving in of said ditch, then and in that event, I charge you the plaintiff was guilty of negligence proximately contributing to his said injury." (2.) "I charge you, gentlemen of the jury, that if you believe the evidence, you must find for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $200.00. The defendant appeals and assigns as error the rulings of the court upon the pleadings, and the court's refusal to give each of the charges requested by the defendant.

B. B. BOONE for appellant. The court erred in overruling the motion to strike the special replication to plea No. 2.—*Bienville Water Supply Co. v. City of Mobile,* 125 Ala. 178.

The general affirmative charge, requested by the defendant, should have been given. Under the evidence introduced, the court should have given charge No. 1 requested by the defendant.—*Birmingham & Electric Ry. Co. v. Allen,* 99 Ala. 359; *Bridges, Admr. v. Tenn. Coal Iron & R. R. Co.,* 109 Ala. 293.

R. INGE SMITH & WILLIAM C. GAYNOR and LESLIE B. SHELDON, *contra.*—The court did not err in overruling the motion to strike the special replications.—*Ewing v. Wofford,* 122 Ala. 439; *Powell v. Crawford,* 110 Ala. 300; *Karter v. Fields,* 130 Ala. 430. The evidence in the case was not such as authorized the giving of the first charge requested by the defendant. The proposition of law contained therein was erroneous.—1 Sherman & Redfield on Negligence, §§ 185-207; *B. R. & E. Co. v. Allen,* 99 Ala. 372; *Bridges, Admr. v. T. C. I. & R. R. Co.,* 109 Ala. 291; *Wilson v. L. & N. R. R. Co.,* 85 Ala. 269; *L. & N. R. R. Co. v. Orr,* 91 Ala. 554.

McCLELLAN, C. J.—The motion to strike special replications to plea 2 could have been properly granted only upon the assumption that the facts alleged in the special replications were provable under the general replication to that plea, the traverse thereof; and if that were true the defendant was not prejudiced by the overruling of the motion. The action of the trial court appears, therefore, no ground for a reversal of the judgment.

We are not prepared to affirm as matter of law that the *danger* to plaintiff incident to his presence in the trench from the liability of its walls, imperfectly braced as they were, to cave in was obviously of such a character as that a man of ordinary care and prudence would not have gone into and taken the position he occupied in the trench. The evidence shows that the walls were not properly braced and that plaintiff was aware of this. It also shows that they were likely to cave in more or less along there, and that plaintiff had an appreciation of this fact. But the trench was only from four to six feet in depth. There could not be a caving in that

[Shea v. Manning.]

would have covered a man standing up therein. There could hardly be a caving in that would cover a man even in a stooping position. The plaintiff was in such position when the caving in that hurt him occurred, and he was not submerged. There was a greater precipitation of earth on this occasion than on any other in that trench. It seems that even in that position he would not even have been hurt but for the fortuitous circumstance that his shovel was sticking up in such a position that the falling earth forced his body against its handle. It does not appear that any of the other many cavings occurring to plaintiff's knowledge in that trence had injured anybody, or were calculated to injure anybody in the trench. On these facts we cannot say, we repeat, as a matter of law, that the danger of being where plaintiff was was so apparent and so great and imminent that no ordinarily prudent man would have been there. It is not enough in such case that the injured party knew of the likelihood of the walls caving. Knowing that, the probable precipitation must have involved such likelihood of injuring a person in the trench as to deter a man of ordinary care and prudence from exposing himself to it. The jury might have found this to be the fact; but it was a question for them. The court could not affirm it to be the fact, as it was in effect requested to do by the defendant in charges 1 and 2. Those charges were properly refused.

Affirmed.

HARALSON, DOWDELL and DENSON, J.J., concurring.